FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR, ETC., Petitioner and Appellee, v. ALVARO MORALES CORDERO, Respondent and Appellant.

No. 10477. Argued June 1, 1951.—Decided June 26, 1951.

*Antonio J. Matta* for appellant. *Joaquín Gallart Mendía* and *Augusto Palmer*, counsel for the Department of Labor, for appellee.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

The Commissioner of Labor of Puerto Rico commenced this action in representation and for the benefit of the employee Juan Cruz Seguí, claiming, under the provisions of Mandatory Decree No. 12 of the Minimum Wage Board of Puerto Rico, approved December 4, 1946 and amended January 8, 1948, the sum of $178 for wages not paid to said employee by respondent in his wholesale business which he operated for profit in the Island of Vieques, as well as compensation for leave accumulated by Cruz Seguí at the time he ceased in his employ, which corresponded to twelve weeks that said employee worked for respondent, in said business, as a chauffeur. An equal amount was claimed by way of penalty. The lower court, on a trial *de novo*, granted the complaint, and made the following findings:

"1. That the complainant Juan Cruz Seguí worked for respondent Alvaro Morales Cordero from February 7, 1949 to April 30, 1949 as driver of a truck belonging to respondent, and earned the sum of ten dollars ($10.00) a week.

"2. That complainant transported merchandise of respondent once or twice weekly from Playa de Vieques to the warehouses, the merchandise being delivered to him by Agustín Morell, paymaster of the vessels of Vieques.

"3. That respondent Alvaro Morales has retail stores in Vieques, in the city and in the country, and that complainant drove respondent's merchandise from the warehouse to said stores as well as to the merchants who purchased at respondent's warehouse."

The lower court held that Mandatory Decree No. 12 of the Minimum Wage Board, as amended, was applicable to the case of the workman claimant.

On appeal respondent alleges that the lower court erred: (1) In holding that Mandatory Decree No. 12 was appli-

cable to the facts in this case; (2) that the judgment is not supported by the evidence; and (3) in imposing costs on respondent.

■ Mandatory Decree No. 12 of the Minimum Wage Board in its subdivision A of Article I, defines what should be understood by transportation service.[1]  Appellant contends that at the time of the claim in question he operated a combined retail and wholesale business and that since it was a single business, the applicable decree was Mandatory Decree No. 8 of the Minimum Wage Board which went into effect in June 1945 and not No. 12 as amended, because No. 8—which regulates the retail sales—applies when the sale or conveyance of commodities or articles for money, promises or thing of value originates, is transacted, or consummated in any establishment or place wholly or *partially* dedicated to such purposes.[2]

---

[1]Subdivision A of Article I:

*"The Transportation Service* shall embrace, but without limitation, every act, process, operation, work or service which may be necessary, incidental or related to the transportation or conveyance of persons or things from one place to another, by or upon any class of motor vehicle, including railway vehicles.  It does not include: (1) the transportation carried on by the Federal, Insular or Municipal Governments, although it covers the transportation performed by or· for the companies, corporations, or authorities created or controlled by said governments for purposes not within their purely governmental functions; (2) the transportation of agricultural products from the farm to the market and of supplies from the market to the farm that a farmer may effect in a vehicle of his ·own if and when such vehicle constitutes his only freight unit and is used exclusively in relation with his farm; and (3) the transportation carried on by any employer in a vehicle of his own and by force account in relation with an industry, business or occupation covered by other mandatory decrees of this Board."

[2] Article A, subdivision 1 of said Mandatory Decree No. 8 provides:

*"Definition of the Business:* The business of selling at retail, to which this Decree applies, is the business defined as follows:

"The Business of Selling at Retail comprises, without contemplating any limitation whatsoever, any act, process, operation, work or service, necessary, incidental or related to retail sales or direct conveyances to consumers, of any kind or commodities or articles, for money, promises of thing of value, whenever such sales or conveyances originate, are transacted or consummated in any establishment or place wholly or partially dedicated to such purposes, or whenever made outside such establishment or place in

We cannot agree with appellant that Mandatory Decree No. 8 is applicable. The evidence warrants the findings of fact of the lower court, in the sense that the workman for whose benefit the claim was filed, rendered services in one of respondent's warehouses devoted *exclusively* to wholesales, which sales respondent made to several merchants of Vieques who purchased in his warehouse.

It is true that respondent operated two small retail businesses in the Island of Vieques, and that said stores were supplied from respondent's own warehouse to which the workman carried merchandise. But this last circumstance does not establish the necessary element to make Mandatory Decree No. 8 applicable because respondent, in supplying his retail stores from his own warehouse, assumed the same relation to himself as the other merchants to whom he sold by wholesale, said sales not being direct conveyances to the consumers, as required by Decree No. 8.

We agree with the conclusion of the lower court that respondent had, during the period covered by this claim, a wholesale warehouse and two retail stores, one in town and the other out of town, that is, two different businesses: a wholesale business from which retailers were supplied and to whom he sold his merchandise and goods in the Island of Vieques and in addition respondent supplied his own stores, and another retail business which he operated in two different places of said island. Therefore, Mandatory Decree No. 8 was not applicable, and consequently we can not apply the saving clause at the end of Article 1-A of Mandatory Decree No. 12 which exempts from its own provisions, among others, the transportation "carried on by any employer in a vehicle of his own and by force account in rela-

its name or for its benefit. The businesses, industries, occupations, or branch thereof which in Decree No. 6 of this Board, applicable to hotels, restaurants, bars, and soda fountains (which Decree shall not be impaired in any manner whatsoever) are subject to regulation or excepted from its scope, shall, however, be excluded."

tion with an industry, business or occupation covered by other mandatory decrees of this Board."

Appellant also contends that since Mandatory Decree No. 16 of the Minimum Wage Board for employees working in wholesale business, became effective October 1, 1949, said Decree is applicable to the case at bar, notwithstanding the fact that the claim covers the period from February 7, 1949 to April 30 of the same year and that therefore No. 12 does not govern because under the authority of our decision in *Rodríguez* v. *Fonalledas, ante*, p. 49, this Court must take judicial notice that in the month of February 1949, the said Decree No. 16 was about to be promulgated. Appellant's contention finds no support in *Rodríguez* v. *Fonalledas, supra*. Consequently, although Mandatory Decrees Nos. 8 and 16 are not applicable herein, No. 12 is, and the lower court did not err in so holding.

██ We shall not pass to consider the second error alleging that the judgment is not supported by the evidence. The evidence which the lower court had before it justifies its findings and we do not find that it committed manifest error in its weighing.

██ It did commit the third error. According to § 14 of Act No. 10 of November 14, 1917, as amended by Act No. 17 of April 11, 1945: "No costs shall accrue in this class of suits."

The award of costs in this kind of suits does not lie. *Correa* v. *Mario Mercado e Hijos, ante*, p. 77.

The judgment will be modified eliminating the award of costs, and as thus modified it will be affirmed.

